UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-10038-RGS

AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS

v.

KATHLEEN SEBELIUS, et al.

MEMORANDUM AND ORDER ON MOTIONS TO SEAL/UNSEAL
CERTAIN DOCUMENTS IN A CIVIL CASE

October 6, 2011

STEARNS, D.J.

Presently before the court are four motions to seal/unseal certain documents in a civil case. Plaintiff American Civil Liberties Union of Massachusetts (ACLU) claims that defendants are violating the Establishment Clause of the First Amendment by allowing the United States Conference of Catholic Bishops (USCCB) to impose a religiously-based restriction on the disbursement of taxpayer-funded services. Both the ACLU and the government defendants argue in favor of unsealing certain documents, namely the Technical Proposal (and Amended Technical Proposal) that USCCB submitted in response to the government's Request for Proposals; the Subcontract Agreement between USCCB and its subcontractors; and the Program Operations Manual that USCCB distributes to its subcontractors. Defendant-Intervenor USCCB opposes the motion to unseal and has filed three motions to permit the filing of these

documents under seal.

The First Amendment militates against overly broad confidentiality designations. *See Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 780 (1st Cir. 1988) ("[T]he Supreme Court has noted that parties have general first amendment freedoms with regard to information gained through discovery and that, absent a valid court order to the contrary, they are entitled to disseminate the information as they see fit."); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 8 (1st Cir. 1986) (noting that "[t]he district court demonstrated a sensitivity to first amendment concerns by striving to keep the protective orders as narrow as possible."); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) ("[W]e note that both the First and Third Circuits, which used to endorse broad umbrella [protective] orders (e.g., *Cryovac*, *Cipollone*), have moved away from that position (*Public Citizen*, *Glenmede*, *Pansy*, *Leucadia*).").

Here, the public's right of access outweighs USCCB's speculative concern that information contained in the documents at issue could be appropriated and exploited by other non-profit organizations competing with USCCB for grants and contracts. *See Pub. Citizen*, 858 F.2d at 789-790. The court will <u>UNSEAL</u> exhibits previously filed under seal. Specifically, the Technical and Amended Technical Proposals, the Subcontract Agreement between USCCB and its subcontractors, and the USCCB

Program Operations Manual (and duplicates of these documents) will be unsealed. The court is aware that these documents have been previously disclosed and are to some degree already in the public domain. Consequently, the court considers them to lie outside the scope of the Protective Order entered by the court on March 17, 2011. Finally, the court notes that a policy of broad public access is consistent with the position taken by the Judicial Conference of the United States at its September 2011 meeting with respect to the sealing of civil case records. Plaintiff's request for attorneys' fees is <u>DENIED</u>.

                SO ORDERED.

                s/ Richard G. Stearns

                _____
                UNITED STATES DISTRICT JUDGE